UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DIANA V. GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-00165 |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Diana Garcia brought this suit to contest a denial of disability benefits by the Commissioner of Social Security ("Commissioner"). On August 1, 2012, this Court entered an Opinion and Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (Docket # 39.)

Garcia has now filed a motion and supplemental motion to recover attorney fees in the amount of $11,946.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 41, 54.) Although the Commissioner concedes that Garcia is entitled to attorney fees as a prevailing party, it argues that the amount of the fee request should be reduced to no more than $7,240 because her attorney, Joseph Shull, spent an unreasonable amount of time briefing the case. (Docket # 46.)

For the following reasons, Garcia's motion for award of attorney fees will be

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013 (Docket # 54 at 1 n.1). As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue. FED. R. CIV. P. 25(d).

1

GRANTED.

### A. The Time Garcia's Attorney Spent Reviewing the Record and Briefing the Case Was Reasonable

Garcia moves for a total of $11,946.00 for 66 hours of work performed by Shull in federal court. (*See* Docket # 41, 54.) Of those 66 hours, Shull expended 61.3 hours reviewing and briefing the case and 4.7 hours briefing the fee petition (*see* Docket # 43, 55); the Commissioner does not challenge the time spent on the fee petition.

As the fee applicant, Garcia bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

In addition, "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original; internal quotation marks and citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the

2

desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

The Commissioner contends that the total time Shull spent reviewing and briefing this case was "clearly excessive" and that Garcia has not met her burden of showing that Shull's hours were reasonably expended. (Def.'s Resp. to Pl.'s Mot. for Award of Att'y Fees Pursuant to EAJA ("Def.'s Resp.") 3-4.) Consequently, the Commissioner requests a reduction of at least 20 hours. (Def.'s Resp. 4.)

First, although the 61.3 hours Shull spent on Garcia's appeal is at the high end of the range of hours that courts within this circuit have considered reasonable for social security appeals, it nonetheless falls within that range, belying the Commissioner's contention that 61.3 hours of work is "clearly excessive." *See, e.g.*, *Johnson v. Astrue*, No. 2:11-CV-260 JD, 2013 WL 359653, at *4 (N.D. Ind. Jan. 30, 2013) (finding that 64.6 hours of work in a social security case was reasonable); *Snider v. Astrue*, No. 1:08-CV-53, 2009 WL 1766925, at *5 n.3 (N.D. Ind. June 23, 2009) (concluding that 54.50 hours of work on appeal was reasonable and in line with other Social Security cases in the circuit); *Nickola v. Barnhart*, No. 03-C-622-C, 2004 WL 2713075, at *2 (W.D. Wis. Nov. 24, 2004) (holding that the roughly 60 hours of combined law clerk and attorney time it took to produce the claimant's briefs was not excessive); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004) (finding the 61.1 hours that counsel spent representing claimant reasonable); *Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002) (collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable). And, despite the Commissioner's contentions, Garcia *has* met her burden of showing her counsel's hours were

reasonably expended.

Of the 61.3 hours spent on Garcia's appeal, Shull spent 37.75 hours reviewing the 765-page transcript and drafting the 25-page opening brief (including over 10 hours spent reviewing the transcript and making notes and 14.5 hours spent drafting the statement of facts) and 23.55 hours preparing and drafting the 15-page reply brief. (*See* Docket # 43.) According to the Commissioner, the 765-page record in this case was not excessively lengthy, and, as such, it should not have taken Shull almost 38 hours to review the record and draft the opening brief. (Def.'s Resp. 4.) Moreover, the Commissioner maintains that it was unreasonable for Shull to spend over 24 hours abstracting the record and drafting the fact statement. (Def.'s Resp. 4.)

But a 765-page record, while not obscenely long, is still substantial. *See Bryan v. Astrue*, No. 08 C 5472, 2010 WL 438384, at *2 (N.D. Ill. Feb. 8, 2010) (finding a 403-page record "rather large"); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (noting that a 459-page record was "rather voluminous"). And the length of the record appears to have been compounded by its disorganization; the exhibits were not individually and discretely identified in the "List of Exhibits," but simply marked as "medical evidence" (Tr. 1), which, as Shull explains, required him to make detailed notes about the medical care provider, dates, and corresponding transcript numbers. (EAJA Reply Br. 1.) As such, although taking 24 hours to abstract the record and draft the statement of facts may initially appear excessive, Garcia has met her burden of showing that this time was reasonably expended. Furthermore, while on the high end, the 37.75 hours Shull spent reviewing the transcript, researching, and writing the opening brief, which was 25 pages long and raised six arguments—including the 24 hours spent only abstracting the record and writing the statement of facts—are reasonable under these

4

circumstances. *See Burke v. Astrue*, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours is a reasonable amount of time to expend reviewing the transcript, researching, and drafting a 13-page, 1.5 spaced opening brief that raised five issues); *Upperton v. Barnhart*, No. 02-C-0534-C, 2003 WL 23185891, at *2 (W.D. Wis. Nov. 13, 2003) (determining that it was not unreasonable for two attorneys to spend 37.1 hours, which included 11.1 hours drafting the facts section, reviewing a 499-page transcript and drafting and revising a 32-page brief that advanced seven arguments).

The Commissioner also argues that the time expended is unreasonable because the case did not contain unusual issues and Shull had previously briefed them either before the Appeals Council or in a post-hearing letter to the ALJ. (Def.'s Resp. 4.) Shull presented four arguments to the Appeals Council, which did not include his arguments that the ALJ failed to evaluate Dr. Robert Doyal's opinion and to properly follow SSR 00-4p. (*Compare* Tr. 657-60, *with* Docket # 23 at 14-25), arguments which were ultimately successful (*see* Docket # 39 at 15-21, 24-25). But Shull did mention the SSR 00-4p argument in his post-hearing letter to the ALJ, which challenged the ALJ's step five finding. (Tr. 60-61.) As such, Shull presented one new argument in his federal court brief. But he also expended a substantial amount of time strengthening and elaborating on the repeated arguments, advancing sub-arguments not made at the administrative stage, researching the law, and adding factual detail to create the twenty-five page opening brief he filed with this Court. Shull advanced six arguments to the Court, and thus the 37.75 hours he spent on the opening brief averages out to just 6.29 hours per argument.

Furthermore, these arguments were of a diverse nature, challenging the ALJ's consideration of three different sources' opinions, his credibility determination, and his step five

finding.  (*See* Docket # 23 at 14-25.)  The issues regarding the physicians' opinions and Garcia's credibility are multi-faceted and require a close and careful analysis of the record.  *See, e.g.*, *Dominguese*, 2002 WL 32318281, at *6 (finding that the 43.3 hours plaintiff spent drafting briefs was reasonable where the central issue was the sufficiency of the ALJ's credibility assessment).  "To explicate the errors in the ALJ's assessment, plaintiff's counsel had to address each category, find and point to contrary evidence in the record, dissect the logic of the ALJ's conclusion and, in some instances, demonstrate how the ALJ failed to comply with required Social Security regulations and rulings and caselaw."  *Id*.

Moreover, at least one of Garcia's step five arguments, the one challenging the reliability of the VE's job data, appears to be rare.  *See Coppernoll v. Astrue*, No. 08-cv-382-bbc, 2009 WL 3482120, at *5 (W.D. Wis. Oct. 26, 2009) (calling the claimant's challenge to the reliability of the vocational expert's job data "novel" and "relatively complex").  Accordingly, although Garcia's appeal covered some familiar territory, at least one unusual issue was involved, and the repeated and more common arguments still required Shull to closely analyze the record and conduct research to properly, and successfully, present them to this Court.  *See Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012) ("[M]ost social security cases do not present particularly complex legal issues, but that does not mean that 'providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome' does not take time." (quoting *Nickola*, 2004 WL 2713075, at *2)).

Finally, the Commissioner maintains that the more than 23 hours Shull expended drafting Garcia's reply brief were excessive.  (Def.'s Resp. 4.)  Garcia contends that this time was

justified because of the additional legal research necessary to address the Commissioner's harmless error and *post hoc* arguments, the six issues that had to be briefed, and Defendant's stiff opposition, encompassed in a 25-page response brief.  (EAJA Reply Br. 3-4.)  Although expending more than 23 hours on a 15-page reply brief seems somewhat high, Garcia provides an adequate explanation for why this amount of time was necessary, and the Court is "loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases" since the claimants "have no other method by which to present their case to the court and must attack every potentially reversible aspect of the [C]ommissioner's decision in a single brief."  *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005).  Moreover, [t]he reply brief presented a tailored and thorough response to the [C]ommissioner's brief in defense of his decision," *Begolke v. Astrue*, No. 06-C-0445-C, 2007 WL 5490748, at *2 (W.D. Wis. Oct. 26, 2007), a brief that was 25 pages long and adamantly opposed each of Garcia's six arguments (*see* Docket # 31).

Therefore, in this particular instance, the time expended by counsel on the reply brief "is not so patently unreasonable as to warrant a reduction."  *Groskreutz*, 2005 WL 567814, at *2 (finding that, although spending nearly 20 hours on a 10 page-reply brief covering well-known territory is on the high side, it was not unreasonable).  Nor are the 2.7 hours Shull spent editing his reply brief to reduce it to 15 pages unreasonable.  *See Evans v. Astrue*, No. 3:07-CV-290-TLS, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2008) (declining to find it unreasonable for two attorneys to spend 6 hours reviewing and revising a 26-page opening brief and a 9-page reply brief).  Consequently, the Court overrules the Commissioner's objection to the number of hours that Garcia expended on her appeal and declines to reduce Garcia's requested fee award.

As such, Garcia's motion for attorney fees will be granted in the full amount requested.

### *B. Conclusion*

For the foregoing reasons, Plaintiff's motion (Docket # 41) and supplemental motion (Docket # 54) for award of attorney fees under the EAJA in the amount of $11,946.00 are GRANTED.

SO ORDERED.

Enter for the 3rd day of April, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
